IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

APR 20 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

JESSIE EARL WILLIAMS, )
)
    Plaintiff, )
)
vs. ) No. CIV-08-1205-W
)
EMILIE P. KIRKPATRICK et al., )
)
    Defendants. )

## ORDER

On March 24, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation on the Amended Complaint and recommended that the Court summarily dismiss all federal claims set forth in the amended complaint filed by plaintiff Jessie Earl Williams and decline to exercise supplemental jurisdiction over the state law claims he had asserted. Williams was advised of his right to object to the Report and Recommendation, but he filed no objections within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this matter. Williams has first sought relief against the various defendants under title 42, section 1983 of the United States Code. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 47-48 (1988) (citations omitted). Defendant Emilie P. Kirkpatrick is a deputy public defender who represented Williams in his state criminal proceedings; Williams' cause of action against Kirkpatrick fails to state a claim for relief because "a public defender does not act under

color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981)(footnote omitted).

To the extent that Williams has attempted to allege a conspiracy between Kirkpatrick and the prosecutors involved in the state criminal proceedings, such claim likewise fails. "'[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.'" Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994)(quoting Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)). Williams has failed to set forth in his amended complaint "enough facts to state a claim [for conspiracy between Kirkpatrick and the state prosecutors] . . . that is plausible on its fact." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Williams' causes of action against the defendant, Oklahoma County Public Defenders Office, and against the defendants, "Unknown Administrators of the Oklahoma County Public Defenders Office," should likewise be dismissed. The former named defendant is not a "person" for purposes of section 1983, e.g., Zapata v. Public Defenders Office, 252 Fed. Appx. 237, 240 (10th Cir. 2007)(cited pursuant to Tenth Cir. R. 32.1), and the latter defendants have not been shown to have been acting under "color of state law."

Finally, having decided that all federal claims against all defendants should be dismissed, the Court declines to exercise supplemental jurisdiction over Williams' state law claims against Kirkpatrick. E.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation on the Amended Complaint [Doc. 16] issued on March 24, 2009;

(2) summarily DISMISSES Williams' federal claims against all defendants for failure to state valid claims for relief; and

(3) DECLINES to exercise supplemental jurisdiction over Williams' state law claims and DISMISSES such claims without prejudice.

ENTERED this 20th day of April, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE